# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| HORACE BELL, | CASE NO. 1:09-cv-02114-LJO-SMS PC |
|---|---|
| Plaintiff, | Kern County Superior Court<br>Case No. S-1500-CL-237799 |
| v. | ORDER DENYING PLAINTIFF'S MOTION TO REMAND |
| G. FLIPPO, et al., | |
| Defendants. | (Doc. 6) |
| | ORDER DISMISSING FEDERAL CLAIMS AGAINST DEFENDANTS FLIPPO AND SMITH FOR FAILURE TO STATE A CLAIM, AND REMANDING ACTION TO KERN COUNTY SUPERIOR COURT |
| | (Doc. 1) |

**Order on Motion to Remand and Screening Order**

**I.    Background**

This civil rights action was filed in Kern County Superior Court by Plaintiff Horace Bell, a state prisoner proceeding pro se. Plaintiff alleges violations of his rights under the United States Constitution and California Constitution by Defendants C. Smith, T. Kurtz, N. Grannis, G. Flippo, A. Hedgepeth, N. Dill, and C. Smith, all of whom are or were employed by the California Department of Corrections and Rehabilitation. Defendants Flippo and Smith removed the action to this court on December 2, 2009. Plaintiff filed an opposition to the removal on December 14, 2009, which shall be treated by the Court as a motion to remand.

///

## II. Motion to Remand

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law," id., and existence of federal jurisdiction is determined by the complaint at the time of removal, Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979).

In this instance, Plaintiff specifically alleges claims for relief arising from the violation of the United States Constitution. Because Plaintiff's complaint sets forth federal claims, Defendants were entitled to remove the action to this court and Plaintiff's opposition to the removal is without legal merit. Also without merit is Plaintiff's argument that Defendants are already in federal court on this case. A plaintiff may not remove a case, and to the extent that Plaintiff filed a complaint in federal court which is duplicative of the complaint he filed earlier in state court, which appears to be the case, Plaintiff's decision to file duplicative actions does not deprive Defendants of their right to remove the earlier-filed state court case for consideration.[1]

For these reasons, Plaintiff's motion to remand is denied.

## III. Screening of Complaint

### A. Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

---

[1] The Court takes judicial notice of case number 1:09-cv-01855-OWW-GSA Bell v. Flippo, et al., filed September 22, 2009, in the Northern District of California and transferred to this court on October 21, 2009. The determination of how to handle Plaintiff's apparently duplicative complaint filed in case number 1:09-cv-01855-OWW-GSA will be subject to the discretion of the judges assigned to that case.

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

Under federal notice pleading, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Factual allegations are accepted as true but legal conclusion are not, and Plaintiff is required to present factual allegations sufficient to state a plausible claim for relief. Iqbal at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal at 1949-50; Moss at 969.

**B.     Discussion**

    **1.     Plaintiff's Allegations**

Plaintiff, who is incarcerated at Kern Valley State Prison in Delano, California, alleges that he was harassed and discriminated against based on race by Defendant Kurtz, who singled him out and targeted him for illegal placement in administrative segregation. Plaintiff alleges that he filed a staff complaint but supervisors all the way up to the Director's Level of appeal review endorsed Kurtz's conduct and behavior. Plaintiff alleges violations of the Eighth and Fourteenth Amendments of the United States Constitution.

    **2.     Claims Against Defendants Flippo and Smith**

Under 42 U.S.C. § 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Additionally, there is no respondeat superior liability

under section 1983, and therefore, each defendant s only liable for his own misconduct. <u>Iqbal</u> at 1948-49.

Harassment is not a constitutional violation, <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987); <u>Gaut v. Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987), and Plaintiff's complaint does not set forth any facts in support of his conclusory claim that Defendant Kurtz discriminated against him based on his race, <u>Byrd v. Maricopa County Sheriff's Dep't</u>, 565 F.3d 1205, 1212 (9th Cir. 2009). Assuming Plaintiff's equal protection claim against Defendant Kurtz is capable of being cured through amendment, supervisory personnel involved in reviewing and resolving Plaintiff's inmate appeal of Kurtz's behavior cannot be held liable for Kurtz's allegedly purposeful discriminatory conduct. <u>Iqbal</u> at 1948-49. Therefore, notwithstanding the deficiency in his equal protection claim against Defendant Kurtz as presently pled, Kurtz's actions in having Plaintiff wrongfully placed in administrative segregation provide no basis for the imposition of liability on either Flippo or Smith under the Equal Protection Clause.

With respect to Plaintiff's Eighth Amendment claim, the complaint is devoid of any facts supporting a claim that Plaintiff was subjected to conditions of confinement that rose to the level of a constitutional violation. "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2006). The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. <u>Hudson v. McMillian</u>, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). Transfer from general population to administrative segregation simply does not support a claim for violation of the Eighth Amendment.

///
///
///
///

**IV.     Conclusion and Order**

Plaintiff's complaint fails to state any claims under section 1983 against Defendants Flippo and Smith.[2]  Given the nature of Plaintiff's allegations and the bases for the claims against Defendants Flippo and Smith, justice does not require that Plaintiff be granted leave to amend and the claims shall be dismissed.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The Court does not reach the merits of Plaintiff's state law claims against Defendants Flippo and Smith, or the claims against the other named defendants, who did not join in the notice of removal and who apparently have not been served.  Plaintiff's complaint contains no viable federal claims against Flippo and Smith, and this action shall therefore be remanded back to Kern County Superior Court for further proceedings.  28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

Accordingly, it is HEREBY ORDERED that:

1.  Plaintiff's motion for remand, filed December 14, 2009, is DENIED;

2.  Plaintiff's federal claims against Defendants Flippo and Smith as discussed herein are DISMISSED, with prejudice, for failure to state a claim under section 1983;

3.  This action as it relates to Flippo and Smith is REMANDED to the Kern County Superior Court to deal with the state claims; and

4.  The Clerk of the Court shall serve a copy of this order on the Kern County Superior Court and shall serve the parties in the customary manner.

IT IS SO ORDERED.

**Dated:   January 6, 2010**                     /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE

---

[2] In his complaint, Plaintiff states, "Judicial notice of attached staff complaint, parties involved and chronology of events."  (Doc. 1-3, court record p. 12.)  This statement evidences Plaintiff's intent to have the Court wade through his seventy-nine pages of exhibits and craft his claims for him.  It is Plaintiff's duty to set forth the allegations in support of his claims.  While exhibits may be used to support claims, they must be properly and specifically incorporated by reference, and Plaintiff may not submit voluminous exhibits in substitution for factual allegations and anticipate that the Court will piece his claims together for him.  The Court's review is limited to the factual allegations set forth in Plaintiff's complaint.